# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMMY NARANJO, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 4:08-CV-1755 |
| RICARDO MARTINEZ, Warden; and | : | (MCCLURE, D.J.) (MANNION, M.J.) |
| BUREAU OF PRISONS, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION[1]

On September 23, 2008, the plaintiff, a federal inmate currently incarcerated at the United States Penitentiary at Allenwood ("USP Allenwood"), commenced this a civil rights action under *Bivens*[2] pursuant to 28 U.S.C. §1331. (Doc. No. 1; Doc. No 4). Plaintiff, proceeding *pro se*, alleges that defendants Ricardo Martinez, Warden of USP Allenwood, and the Federal Bureau of Prisons ("BOP"), violated his due process rights by characterizing him as a gang member and/or domestic terrorist. (Doc. No. 4).

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). A civil rights claim brought under *Bivens* is the federal counterpart to an action brought under 42 U.S.C. §1983. The same legal principles govern both §1983 and *Bivens* claims. *Brown v. Philip Morris, Inc.,* 250 F.3d 789, 800 (3d Cir. 2001); *Paton v. LaPrade,* 524 F.2d 862, 871 (3d Cir. 1975); *Cyrus v. Hogsten,* 2007 WL 88745, at *3 (M.D. Pa. Jan. 9, 2007).

By way of relief, the plaintiff seeks an evidentiary hearing, and, an order directing the BOP to remove the label and classification of him being a gang member and domestic terrorist from his institutional central file, along with all State and Federal agencies that monitor gang members. *Id.* at 4-5.

Before the court is defendants' motion to dismiss and in the alternative, motion for summary judgment. (Doc. No. 13). For the reasons set forth below, the court will recommend that the defendants' motion to dismiss be GRANTED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff, currently incarcerated at USP Allenwood, was previously incarcerated at the Federal Correctional Institution in Texarkana, located in Texarkana, Texas ("FCI Texarkana"). (Doc. No. 4). The plaintiff alleges that while he was incarcerated at FCI Texarkana, Captain Rosiek placed false information, that he was a gang member or a member of a disruptive group, in his inmate central file.[3] Pl.'s Ex. A, (Doc. No. 4 at 8). Plaintiff alleges Rosiek placed the false information in his file because he claimed that the plaintiff admitted to being a member of the Texas Mexican Mafia. *Id.* Plaintiff alleges that he has never been a member, or admitted to being a member, of any gang. *Id.* Rather, plaintiff claims that Rosiek placed the false information in his

---

[3]Plaintiff also refers to this as his government agency file. Pl.'s Ex. A, (Doc. No. 4 at 8).

2

file, as an act of retaliation to plaintiff's complaints of "civil rights violations by staff at FCI Texarkana, including Captain Rosiek." *Id.*

As a result of the false information that was placed in his file, on June 16, 2008, the plaintiff was transferred out of FCI Texarkana, a low security facility, and transferred into USP Allenwood, a high security facility. (Doc. No. 21 at 15). Plaintiff alleges he is being held at USP Allenwood by defendant Martinez due to an arbitrary and bogus classification that he is a gang member, which is a violation of his due process rights under the Fifth Amendment. (Doc. No. 4 at 2). Plaintiff alleges that the defendant BOP uses a multi-factor test to determine if an inmate should be considered a candidate for gang classification, and that defendant Martinez has "conclusively failed to establish how the factors [of the multi-factor test] . . . apply to plaintiff, thus violating plaintiff's constitutional right to due process of policy under the [Fifth] Amendment []."[4] *Id.* at 2-3. Plaintiff also claims that the defendants "should have conducted a hearing [sic] and documented for the record how it reached the conclusion that [p]laintiff was a gang member and domestic terrorist." *Id.* at 2.

Moreover, plaintiff alleges that the classification by defendants that he is a gang member places him in danger because (1) he cannot be

---

[4]The court notes that plaintiff has also made some vague assertions in his complaint that his classification as a gang member violates his rights under the Patriot Act in addition to the alleged violations of his Fifth Amendment rights.

incarcerated at a lower security facility, and (2) that by placing him in a greater security category, he is exposed to inmates "who have life sentences with a greater opportunity of the threat of violence." *Id.* at 3.

Due to plaintiff's allegations that Captain Rosiek placed false information in his file, the plaintiff utilized the applicable administrative grievance process while he was incarcerated at FCI Texarkana. Pl.'s Ex.'s A-C, (Doc. No. 4 at 6-15). A review of the exhibits attached to plaintiff's complaint indicate that plaintiff filed (1) an Informal Resolution Form, (2) a Request for Administrative Remedy, (3) a Regional Administrative Remedy Appeal, and (4) a Central Office Administrative Remedy Appeal. *Id.* On May 3, 2007, the Administrator of National Inmate Appeals found that plaintiff's classification as a member of a security threat group was correct as there was sufficient information to support plaintiff's affiliation and/or association with a security threat group. Pl.'s Ex. C, (Doc. No. 4 at 15). The Administrator also found that the plaintiff's mere claim that he had no association with a particular security threat group was insufficient to warrant removal of the information gathered by the BOP's staff. *Id.*

On September 23, 2008, the petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). On October 7, 2008, this court issued an order indicating that since the plaintiff was not challenging the fact or duration of his confinement (as would be proper in a petition for writ of habeas corpus), we would construe the

action as a civil rights complaint brought pursuant to 28 U.S.C. §1331. (Doc. No. 2). Accordingly, the court gave the petitioner leave to file an amended complaint within thirty (30) days from the date of said order. *Id.* On November 10, 2008, plaintiff filed his amended complaint naming Ricardo Martinez, Warden of USP Allenwood, and the BOP as defendants. (Doc. No. 4).

On January 20, 2009, the defendants filed a motion to dismiss, or in the alternative, motion for summary judgment. (Doc. No. 13) On February 3, 2009, the defendants filed an accompanying brief in support of said motion as well as a statement of material facts.[5] (Doc. No. 21). On January 26, 2009, the plaintiff filed a brief in opposition to the defendants' motion, (Doc. No. 14). and on February 2, 2009, he filed a motion for summary judgment. (Doc. No. 18). On April 30, 2009, plaintiff filed a supplemental brief in opposition, (Doc. No. 29), and a response to defendants' statement of material facts. (Doc. No. 28). Thus, the defendants' motion is fully briefed.

## II. STANDARDS

### A. Rule 12(b)(6) Standard of Review

The defendants' motion to dismiss is brought pursuant to the provisions

---

[5] Although the defendants filed exhibits and a statement of material facts as part of their motion for summary judgment, this court only relied upon the parties' briefs and the information contained within and attached to the plaintiff's complaint. As such, this motion will be construed solely as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider

6

"undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

### B. *Bivens*

*Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978). A civil rights claim brought under *Bivens* is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a §1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D. Pa. Jan. 9, 2007). To state a claim under *Bivens*, the plaintiff must show that the defendant, acting under color of

7

Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.

Civil rights claims may only be brought against "persons." 42 U.S.C. §1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir. 2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir. 1997), *abrogated in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, – U.S. –, 126 S.Ct. 2405 (2006) (*citing Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1948 (2009)(collecting cases).

### III. LEGAL ANALYSIS

Defendants have set forth various arguments for why they should generally be dismissed from this action. These arguments are considered below.

**A. Venue**

Defendants argue, and the plaintiff agrees, that venue for this action is more appropriate in the United States District Court for the Eastern District of

8

Texas. (Doc. No. 21 at 10; Doc. No. 29 at 2). In support of defendants' argument, they cite to 28 U.S.C. §1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b). *See also* (Doc. No. 21 at 9). Defendants also cite to 28 U.S.C. §1391(e), which provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. . .[].

28 U.S.C. §1391(e). *See also* (Doc. No. 21 at 9). Consequently, defendants' claim that venue is more appropriate in Texas because the events giving rise to the plaintiff's claims occurred at FCI Texarkana, and as such, any pertinent documentation and witnesses are located in Texas. (Doc. No. 21 at 10-11).

The court disagrees with defendants' argument and finds that venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) and (e)(1) because this is where defendant Martinez resides. As defendant Martinez is the warden at USP Allenwood, a federal agency located within the

9

jurisdiction of the Middle District of Pennsylvania, venue for this action is proper in this court. *See* 28 U.S.C. §1391(b) and (e)(1). Although the court acknowledges that witnesses and relevant documents are located in Texas, the court finds these assertions to be premature, as the court will recommend that the plaintiff's complaint be dismissed.

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 ("PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 29 U.S.C. §1997e(a). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, ___U.S. ___, 127 S.Ct. 901, 918-19 (2007)(citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).

Further, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. –, 126 S.Ct. 2378, 2387 (2006). Proper exhaustion requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 2384; see *id.* at 2386 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its

10

proceedings."). The "applicable procedural rules" against which exhaustion is measured are the grievance rules established by the prison. *Jones,127 S.Ct. at 922-23*; *see Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004) ("[P]rison grievance procedures supply the yardstick for measuring procedural default.").

The BOP has a four-step process for addressing a prisoner's grievance. *See* 28 C.F.R. §542.10, *et seq.* First, the prisoner generally must attempt to informally resolve the problem with the prison's staff. *Id.* §542.13(a). Second, if the informal attempt fails, the prisoner may file a formal request for administrative remedy with the appropriate prison staff member, generally within twenty days of the event giving rise to the grievance. *Id.* §542.14. Third, if the warden denies the request, the prisoner may appeal to the regional director, generally within twenty days of the warden's decision. *Id.* §542.15(a). Finally, if the regional director denies the intermediate appeal, the prisoner may finally appeal to the general counsel of the central office, generally within thirty days of the regional director's decision. *Id.* At each level, the prisoner must submit the signed and dated request on the appropriate form and include a copy of the filings and responses below. *Id.* §§542.14(c), 542.15(b)(1).

Despite the fact that the plaintiff is seeking only non-monetary relief in this case, he must still exhaust his administrative remedies, as the Act makes no distinction between claims for damages, injunctive relief, or both. *See Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000)(§1997e(a) requires an inmate to

exhaust administrative remedies prior to bringing a Bivens action regardless of the relief requested).

Moreover, the Supreme Court has affirmed that failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. *Jones v. Bock, supra*; *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002). However, this does not wholly foreclose the district court's ability to raise *sua sponte* the exhaustion requirement. *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007)(citing *Aguilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)). "[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint," the complaint may be dismissed consistent with 42 U.S.C. §1997e(c)(1) and 28 U.S.C. §§1915, 1915A. *See Jones*, 127 S.Ct. at 920-21; *Thomas v. Kalu*, 2007 WL 648312 (7th Cir.(Ind.))(citing *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)). Where the reasons for the inmate's failure to exhaust are unclear from the face of the complaint, the courts are obligated to insure that any defects in exhaustion were not procured from the action or inaction of prison officials. *Aguilar-Avellaveda*, 478 F.3d at 1225 (citing *Jernigan v. Stuchell*, 304 F.3d 1010, 1032 (10th Cir. 2002)(stating that although 42 U.S.C. §1997e requires inmates to exhaust "available" administrative remedies, the "failure [of prison officials] to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable.")).

Defendants argue that the plaintiff has failed to exhaust his

12

administrative remedies because he has not filed any grievances since June 16, 2008, the date of his arrival at USP Allenwood. (Doc. No. 21 at 22). In support of defendants argument, they claim that:

> Although Naranjo pursued administrative remedies while incarcerated at FCI Texarkana and FCI Coleman, he did not exhaust any administrative remedy as to the involvement of Warden Martinez in determining or holding him pursuant to an alleged erroneous security classification.

*Id.* at 22-23. The defendants also indicate a search of a computerized index of all administrative appeals confirms that plaintiff has not exhausted his claims with respect to defendant Martinez. *Id.*

The court agrees with the defendants' argument that plaintiff has failed to exhaust his administrative remedies, but only to the extent that the argument applies to defendant Martinez.[6] Therefore, with respect to defendant Martinez, the court will recommend that the complaint be dismissed because the plaintiff has failed to exhaust his administrative remedies as required by the PLRA.

However, with respect to defendant BOP, the court finds that plaintiff has exhausted his administrative remedies. While the plaintiff was incarcerated at FCI Texarkana, the plaintiff utilized the BOP's administrative process to challenge his classification by the BOP and the BOP's staff as a

---

[6] The court notes that defendants appear to have only raised the exhaustion argument with respect to defendant Martinez. (Doc. No. 21 at 22-23).

13

gang member, which is what plaintiff is currently doing again in the instant action. (Doc. No. 4). Plaintiff had filed (1) an Informal Resolution Form, (2) a Request for Administrative Remedy, (3) a Regional Administrative Remedy Appeal, and (4) a Central Office Administrative Remedy Appeal. *See* Pl.'s Ex.'s A-C, (Doc. No. 4 at 6-15). As the court finds plaintiff has already challenged his classification by the BOP and the BOP's staff as a gang member through the BOP's administrative process, the court finds that with respect to defendant BOP the plaintiff's due process claims are exhausted.[7]

**C. Due Process Claims**

The plaintiff's allegation that he was unlawfully classified as a gang member by defendant BOP falls underneath the Fifth Amendment. The Fifth Amendment prohibits the federal government from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. Const. amend. V. The Supreme Court has stated that "[t]he touchstone of due process is protection of the individual against arbitrary action of government," *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) (citing *Dent v. West Virginia*, 129 U.S. 114, 123 (1889)), and entails both substantive and procedural protections. *County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998). It has long been held, however, that an inmate has no constitutionally protected liberty

---

[7]The court also notes that the applicable BOP Administrative Remedy Program at FCI Texarkana did not require the plaintiff to identify each defendant by name. *See* Pl.'s Ex.'s A-C, (Doc. No. 4 at 6-15).

14

interests in his place of confinement, transfer, or classification, or in the particular modes or features of confinement. Sandin v. Conner, 515 U.S. 472, 483 (1995); *see also Brown v. Hogsten*, 2006 U.S. Dist. LEXIS 49133, at *4 (M.D. Pa. July 19, 2006) ("The Constitution does not confer inmates a liberty interest in retaining or receiving any particular security or custody status."); Oden v. Caison, 892 F. Supp. 111, 111 (E.D. Pa. 1995) (same). The Third Circuit explained, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Asquith v. Depot of Corrs., 186 F.3d 407, 410 (3d Cir. 1999) (internal citation omitted). Accordingly, this claim should be dismissed because the plaintiff does not have a constitutional right to a custody level, classification or placement within the BOP.[8]/[9]

### III. CONCLUSION[10]

For the foregoing reasons, **IT IS HEREBY RECOMMENDED THAT :**

---

[8] As the court finds plaintiff's due process claim to be without merit, the court declines to consider the defendants' remaining arguments.

[9] The court finds that even if plaintiff had exhausted his claims with respect to Warden Martinez, the same analysis that applied to defendant BOP would apply to defendant Warden Martinez, and thus, the due process claim would likewise be dismissed.

[10] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

(1) the defendants' motion to dismiss, **(Doc. No. 13)**, be **GRANTED**;

(2) the defendants' alternative motion for summary judgment, **(Doc. No. 13)**, be **DISMISSED AS MOOT**; and

(3) plaintiff's motion for summary judgment, **(Doc. No. 18)**, be **DISMISSED AS MOOT**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** August 31, 2009

O:\shared\REPORTS\2008 Reports\08-1755-01.wpd