IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMMY NARANJO, | : | No. 4:CV-08-1755 |
| Plaintiff, | : | |
| | : | (Judge McClure) |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| RICARDO MARTINEZ, Warden; and BUREAU OF PRISONS, | : | |
| Defendants. | : | |

**MEMORANDUM**

November 24, 2009

**INTRODUCTION:**

On September 23, 2008, the plaintiff, Sammy Naranjo, currently an inmate at the United States Penitentiary at Allenwood ("USP Allenwood"), White Deer, Pennsylvania, filed this Bivens[1] civil rights action, pro se, under 28 U.S.C. § 1331. (Rec. Doc. Nos. 1 and 9). Naranjo named as the defendants Ricardo Martinez, Warden at USP Allenwood, and the Bureau of Prisons ("BOP").

---

[1] Bivens is the shorthand given to claims made against a federal agent for violations of a federal right, including constitutional rights. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

**BACKGROUND:**

In his complaint, Naranjo alleges that his due process rights were violated by Warden Martinez and the BOP for his being characterized as a domestic terrorist and/or gang member. (Rec. Doc. No. 4 at 1). Naranjo seeks, as relief, an evidentiary hearing as well as a court order requiring that the BOP remove the gang member and domestic terrorist classification from Naranjo's "institutional central file, and all State and Federal agencies that monitor gang members." Id. at 4-5.

On January 20, 2009, the defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (Rec. Doc. No. 13). Naranjo filed a brief in opposition to the defendants' motion to dismiss or for summary judgment on January 25, 2009 (Rec. Doc. No. 14), which was later stricken from the record, (Rec. Doc. No. 23), as well as his own motion for summary judgment on February 2, 2009. (Rec. Doc. No. 18). The defendants filed a brief in support of their motion to dismiss or for summary judgment on February 3, 2009. (Rec. Doc. No. 21). On April 30, 2009, Naranjo filed a response to the defendants' statement of material facts. (Rec. Doc. No. 28). On that same day, Naranjo filed a brief in opposition, in part, to the defendants' motion to dismiss or for summary judgment. (Rec. Doc. No. 29).

Magistrate Judge Mannion, on August 31, 2009, issued a Report and Recommendation recommending that the defendants' motion to dismiss be granted. (Rec. Doc. No. 30 at 16). First, as to Warden Martinez, Magistrate Judge Mannion concluded that dismissal was appropriate because Naranjo had failed to exhaust administrative remedies;[2] in fact, it appeared as though Naranjo failed to exhaust any administrative remedies with regard to Warden Martinez. (See Rec. Doc. No. 30 at 13). Second, as to the BOP, Naranjo had exhausted his administrative remedies; however, Magistrate Judge Mannion concluded that Naranjo's claim against the BOP should still be dismissed as there is no individual constitutional right to a classification, a placement, or a custody level within the BOP.[3] Id. at 15. Magistrate Judge Mannion recommended that both the

---

[2] The Prison Litigation Reform Act of 1995 ("PLRA") requires that "[n]o action shall be brought with respect to prison conditions under section [1983] . . . or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Supreme Court has noted that, by placing this exhaustion requirement in §1997e(a), Congress has required exhaustion "regardless of the relief offered through administrative procedures," Booth v. Churner, 532 U.S. 731, 741 (2001), and "in all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

[3] In a footnote, the magistrate judge noted that this reasoning would apply to the analysis of Naranjo's action against Warden Martinez, even if Naranjo also had exhausted his administrative remedies with respect to the Warden. See id. at 15, n. 9.

defendants' alternative motion for summary judgment and Naranjo's motion for summary judgment be dismissed as moot. Id.

On the same day that Magistrate Judge Mannion issued his Report and Recommendation, Naranjo filed three documents with this Court. First, Naranjo filed a motion seeking leave to amend his brief in opposition, in part, to the defendants' motion to dismiss or for summary judgment. (Rec. Doc. No. 31). Second, Naranjo filed an amended opposition to the defendants' motion to dismiss. (Rec. Doc. No. 32). Third, Naranjo filed an amended response to the defendants' statement of material facts supporting their motion for summary judgment. (Rec. Doc. No. 33).

Naranjo filed his objections to Magistrate Judge Mannion's Report and Recommendation on October 16, 2009 (Rec. Doc. No. 39), as well as his brief in support of such objections. (Rec. Doc. No. 40).[4] Naranjo appears to object to the Report and Recommendation because Magistrate Judge Mannion did not consider Naranjo's amended brief in opposition to the defendants' motion to dismiss or for summary judgment. (Rec. Doc. No. 39 at 1). In addition, Naranjo claims that Magistrate Judge Mannion did not recognize Naranjo's claim to a "due process

---

[4] Although Naranjo's objections were filed after the required date, we will accept his objections as timely filed in light of his pro se status and the fact that his objections were filed only one day late.

4

right of access to the court." Id.

This matter is now ripe for disposition. For the following reasons, we will adopt the magistrate judge's Report and Recommendation.

**DISCUSSION:**

A district court reviews de novo those portions of a magistrate judge's Report and Recommendation to which a party objects. See Middle District Local Rule 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

### 1. The Magistrate Judge's Failure to Consider Naranjo's Amended Brief in Opposition to Defendants' Motion to Dismiss or Motion for Summary Judgment

Naranjo's first basis for objecting to Magistrate Judge Mannion's Report and Recommendation pertains to the magistrate judge's failure to consider Naranjo's amended brief opposing the defendants' motion to dismiss or for summary judgment. (Rec. Doc. No. 39 at 1). This amended brief in opposition was filed by Naranjo on August 21, 2009, the same day that Magistrate Judge Mannion issued his Report and Recommendation. (Rec. Doc. No. 32). In "ATTACHMENT ONE" of his amended brief, Naranjo includes documentation which he alleges proves the exhaustion of his remedies concerning his claim against Warden Martinez. Id. at 7-16. In addition, Naranjo claims that Warden Martinez violated his constitutional

5

rights. See id. at 4-5.

As the United States Supreme Court has held, while liberty interests protected by the Due Process Clause may be created by the states, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted). Generally, the placement of an inmate in administrative confinement will not create a liberty interest. See Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997).

Assuming arguendo that Naranjo did in fact exhaust his administrative remedies, the magistrate judge's dismissal of Naranjo's claim against Warden Martinez was still proper. Naranjo cannot claim to have a constitutional right to a classification, placement, or custody level within the BOP. As such, Naranjo's claims against the BOP and against Warden Martinez were properly dismissed; Naranjo simply does not enjoy a constitutional right to a classification, placement, or custody level within the BOP.

In light of the foregoing, the magistrate judge was correct in dismissing Naranjo's Due Process Clause claims against Warden Martinez and the BOP, in

which he alleged a violation of a protected liberty interest.

## 2. The Magistrate Judge's Failure to Consider Naranjo's Claim Alleging a "Due Process Right of Access to the Court"

Naranjo's second basis for objecting to Magistrate Judge Mannion's Report and Recommendation pertains to the magistrate judge's failure to consider Naranjo's claim alleging a "due process right of access to the court." (Rec. Doc. No. 39 at 1). Naranjo claims that the defendants have withheld documents that would support his claim that he has been improperly classified in violation of his protected liberty interests. (Rec. Doc. No. 40).

Prisoners, pursuant to the First and Fourteenth Amendments to the Constitution of the United States, are entitled to a "right of access to the courts." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (internal citations omitted). "[P]risoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." Id. When a prisoner asserts that a defendant has inhibited the prisoner's ability to offer a "past legal claim," the prisoner is required to "show (1) that [he or she has] suffered an 'actual injury' - - that [he or she] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that [he or she has] no other remedy that may be awarded as recompense for the lost claim other than in the

present denial of access suit." Id. Therefore, a prisoner must meet particular requirements in the pleading: "[t]he complaint must describe the underlying arguable claim well enough to show that it is more than mere hope, and it must describe the lost remedy." Id. at 205-206.

Even considering Naranjo's objection that the magistrate judge failed to consider Naranjo's claim alleging a violation of a due process right of access to the court, dismissal of such a claim would be proper. Like the plaintiffs in Monroe, Naranjo has failed to demonstrate that his claims are nonfrivolous. See id. at 206. After all, the magistrate judge has concluded, and we agree, that Naranjo does not make out a proper claim alleging that the BOP and Warden Martinez violated a protected liberty interest when he was classified as a domestic terrorist and/or gang member. As such, Naranjo has not sufficiently described in his complaint an underlying claim that shows success is more than a mere hope; therefore, Naranjo has failed to allege an actual injury under his right of access to the courts claim.

In light of the above, we conclude that Naranjo's second basis for objecting to the magistrate judge's Report and Recommendation is insufficient, and we therefore will accept the Report and Recommendation in full.

**CONCLUSION:**

Pursuant to our reasoning above, and even though we grant Naranjo's petition for leave to amend his opposition to defendants' motion to dismiss (Rec. Doc. No. 31), we will adopt the magistrate judge's Report and Recommendation. As such, Naranjo's claims against defendants Warden Martinez and the BOP will be dismissed. In addition, the defendants' alternative motion for summary judgment (Rec. Doc. No. 13), as well as the plaintiff's motion for summary judgment (Rec. Doc. No. 18), will be dismissed as moot. We will also dismiss as moot Naranjo's motion for reconsideration of the magistrate judge's Report and Recommendation. (Rec. Doc. No. 35).

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT

| | |
|---|---|
| SAMMY NARANJO, | : No. 4:CV-08-1755 |
| Plaintiff, | : |
| | : (Judge McClure) |
| v. | : |
| | : (Magistrate Judge Mannion) |
| RICARDO MARTINEZ, Warden; and BUREAU OF PRISONS, | : |
| Defendants. | : |

# **O R D E R**

November 24, 2009

1. Plaintiff's petition for leave to amend his opposition to defendants' motion to dismiss is GRANTED. (Rec. Doc. No. 31).

2. The Report and Recommendation of the magistrate judge is adopted in full. (Rec. Doc. No. 30).

3. Defendants' motion to dismiss is GRANTED (Rec. Doc. No. 13), and the complaint is DISMISSED.

4. Defendants' alternative motion for summary judgment is DISMISSED as moot. (Rec. Doc. No. 13).

5. Plaintiff's motion for summary judgment is DISMISSED as moot. (Rec. Doc. No. 18).

6. Any appeal from this order is not taken in good faith.

7. The clerk is directed to close the case file.

                                         s/ James F. McClure, Jr.
                                         James F. McClure, Jr.
                                         United States District Judge